**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4654**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

NEIL CALVIN JOHNSON,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-00900-RBH-1)

_____

Submitted:  November 24, 2009  Decided:  December 18, 2009

_____

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina; Aileen P. Clare, Research and Writing Specialist, Columbia, South Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neil Calvin Johnson pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g), 924(e) (2006). Johnson was sentenced to 180 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether Johnson knowingly and voluntarily pled guilty under Fed. R. Crim. P. 11, and (2) whether his sentence was reasonable. Johnson has filed a pro se supplemental brief contesting the finding in his presentence report that he was an armed career criminal. For the reasons that follow, we affirm.

First, we find no plain error in the district court's plea hearing. See Fed. R. Crim. P. 52(b); United States v. General, 278 F.3d 389, 394 (4th Cir. 2002) (providing review standard where a defendant does not move to withdraw his guilty plea and later challenges his Fed. R. Crim. P. 11 plea colloquy). Second, we find no abuse of discretion in Johnson's sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (providing standard). We note that Johnson's 180-month sentence is the statutory minimum sentence. Finally, Johnson's claim that he was improperly found to be an armed career criminal is factually inaccurate. Johnson had at least three prior convictions which met the definition of a violent felony as

2

needed for the enhancement.  18 U.S.C. § 924(e)(1)(2)(B); see generally Begay v. United States, __ U.S. __, 128 S. Ct. 1581, 1585-88 (2008) (discussing analysis of a violent felony).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED